```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF ARIZONA

KENNETH DENWOODY STEED,              )
                                     )
          Petitioner,                )
                                     )
     v.                              )   CIV 06-02835 PCT PGR (MEA)
                                     )
DORA SCHRIRO and                     )   REPORT AND RECOMMENDATION
ARIZONA ATTORNEY GENERAL,            )
                                     )
          Respondents.               )
_____)
```

**TO THE HONORABLE PAUL G. ROSENBLATT:**

On November 27, 2006, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Amended Petition for Writ of Habeas Corpus ("Answer") (Docket No. 14) on July 6, 2007. Petitioner filed a reply to the answer on or about August 7, 2007. See Docket No. 15.

**I Procedural History**

On December 18, 2002, in Mohave County Superior Court docket number CR2002-1418, Petitioner was charged by means of a "felony information" with six class 4 felony counts involving DUI, including a charge that the offenses were Petitioner's third offense for DUI within the preceding 5 years. Answer,

Exh. A.[1]  On or about February 14, 2003, an "Addendum to the Information" was filed, alleging Petitioner had committed the offenses while on probation for a felony conviction. Id., Exh. B.

Two of the counts charged in the information were dismissed pursuant to Petitioner's motion prior to his trial. Id., Exh. C.  On or about June 25, 2003, after deliberating for approximately two hours, a jury found Petitioner guilty on the remaining four counts, i.e., aggravated driving under the influence of alcohol, aggravated driving under the influence of alcohol with two prior DUI convictions, aggravated driving under the extreme influence of alcohol, and aggravated driving under the extreme influence of alcohol with two prior DUI convictions. Id., Exh. D.

On August 11, 2003, the trial court, having found Petitioner was on probation at the time of the charged offenses and that Petitioner had two prior felony convictions, sentenced Petitioner to concurrent aggravated sentences of 12 years imprisonment on each of the four counts of conviction. Id., Exh. E & Exh. F.[2]

Petitioner filed a timely notice of appeal of his convictions and sentences on August 21, 2003. Id., Exh. G.

---

[1] Petitioner's blood alcohol level at the time he was arrested on November 6, 2002, was .226. Additionally, Petitioner's driver's license had been suspended or revoked prior to the time of his arrest on November 6, 2002. Answer, Exh. J at 2.

[2] Exhibit E attached to the Answer indicates Petitioner had two prior non-DUI felony convictions, including one for theft.

1 Petitioner asserted in his direct appeal that the trial court
2 had abused its discretion by limiting voir dire of the jury
3 veniremen, depriving Petitioner of his right to a trial by an
4 impartial jury and his right to due process of law. Id., Exh.
5 H. Petitioner also argued the trial court abused its discretion
6 by denying Petitioner's motion to strike one of the jurors for
7 cause. Id., Exh. H. In a supplemental pleading filed on or
8 about July 23, 2004, Petitioner asserted he was entitled to
9 relief from his sentence pursuant to the United States Supreme
10 Court's opinion in Blakely v. Washington. Id., Exh. I.

11 The Arizona Court of Appeals affirmed Petitioner's
12 conviction and sentence in a memorandum decision entered March
13 31, 2005. Id., Exh. J. With regard to Petitioner's Blakely
14 claim, the appellate court stated:

> After Steed filed his Reply Brief, the United states Supreme Court issued its decision in *Blakely v. Washington*, 124 S. Ct. 2531. In *Blakely*, the Court held that, except for prior convictions, "the prosecutor [must] prove to a jury all facts legally essential to the punishment." ...
> In light of *Blakely*, we granted the parties the opportunity to file supplemental briefs addressing *Blakely* sentencing issues. Additionally, after the parties filed their supplemental briefs, we issued an order staying this appeal so the trial court could settle the record regarding the precise aggravating factor or factors it found and relied on in imposing aggravated sentences. ... the trial court settled the record regarding its decision to sentence Steed to aggravated terms.

25 Id., Exh. J at 10-11.

26 The Court of Appeals then noted the trial court had
27 averred Petitioner's sentences were aggravated solely because of

-3-

Petitioner's prior felony convictions. Id., Exh. J at 11. The Court of Appeals also recited that Petitioner was on supervised release for a felony conviction at the time he committed the offenses in question. Id., Exh. J at 12. Because Petitioner's sentences were aggravated based on an explicit exception to the rule stated in Blakely, i.e., Petitioner's prior convictions, the Arizona Court of Appeals concluded Petitioner was not entitled to relief on a Blakely claim.

Petitioner filed an action for post-conviction relief in the Arizona Superior Court on April 21, 2005. Id., Exh. L. Petitioner asserted his right to the effective assistance of counsel was violated because his trial counsel "failed to investigate and employ expert testimony regarding the breath test results." Id., Exh. M. In a decision filed December 8, 2005, the state trial court concluded Petitioner had failed to establish that he was prejudiced by any alleged deficiency in his trial counsel's performance and, accordingly, that Petitioner was not entitled to post-conviction relief. Id., Exh. N. Although Petitioner was allowed an extension of time to seek review of this decision, he never filed a petition for review by the Arizona Court of Appeals. Id. at 4 & Exh. P.

In his petition for federal habeas relief Petitioner alleges his right to due process was violated because he was charged and convicted pursuant to Arizona's traffic code and sentenced pursuant to Arizona's criminal statutes. See Docket No. 1. Petitioner also asserts he was denied his right to the effective assistance of counsel because he was not told he could

be sentenced pursuant to the criminal code and because his counsel failed to object to his sentence on that basis. Id. Additionally, Petitioner contends his right to be free of cruel and unusual punishment has been violated by a sentence of 12 years imprisonment for violation of a state traffic law. Id. at 7.

Respondents assert that Petitioner's claims for relief must be denied because Petitioner did not properly exhaust these claims in the state court and because Petitioner has not shown cause for, nor prejudice arising from his procedural default of the claims.

**II Analysis**

**A. Exhaustion**

A state prisoner must exhaust a federal habeas claim in the state courts before the District Court may grant relief on the merits of the claim. See, e.g., Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir.), cert. denied, 125 S. Ct. 2971 (2005). The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona

Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir.), cert. denied, 126 S. Ct. 348 (2005).

To satisfy the "fair presentment" prong of the exhaustion requirement regarding a federal habeas claim, the petitioner must present both the operative facts and the legal principles controlling the claim to the state courts. See Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). The Supreme Court has emphasized that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged federal constitutional errors. See Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to the violation of a state constitutional right, state rule, or state law, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351.

**B. Procedural default**

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2007). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing

their claim in the state courts. See Castille, 489 U.S. at 351, 109 S. Ct. at 1060. If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See id., 489 U.S. at 351-52, 109 S. Ct. at 1060; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and preclusion bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claims not previously fairly presented to the state courts. See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).

> Federal courts hearing habeas petitions may not review state convictions, even for federal constitutional claims, if the state court judgment procedurally barring the petitioner's claims rests on an independent

-7-

> and adequate state law ground. []. Procedural default, a particular type of adequate and independent state ground, applies to bar federal habeas review when the state court has declined to address the petitioner's federal claims because he failed to meet state procedural requirements...

Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005) (internal citations and quotations omitted).

### C. Cause and prejudice

Federal habeas relief based on a procedurally defaulted claim is barred unless the petitioner can demonstrate a miscarriage of justice, or cause and actual prejudice to excuse his default of the claim. See Coleman, 501 U.S. at 750-51, 111 S. Ct. at 2555-56. "Cause" is a legitimate excuse for the petitioner's procedural default and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. See Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. See Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires Petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136,

1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

      Review of the merits of a procedurally defaulted habeas claim is also appropriate if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, Petitioner would have to establish by clear and convincing evidence that no reasonable juror could have found him guilty of the offenses charged. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

      Petitioner did not exhaust any of his claims for habeas relief in the state courts. Petitioner alleges his right to due process was violated because he was charged and convicted pursuant to Arizona's traffic code and sentenced pursuant to Arizona's criminal statutes. Petitioner did not raise this

-9-

claim in the state courts in either his direct appeal or in his action for post-conviction relief. Because Petitioner is now precluded by the Arizona Rules of Criminal Procedure from returning to state court to assert this claim, Petitioner has procedurally defaulted the claim.

Petitioner also asserts he was denied his right to the effective assistance of counsel because he was not told he could be sentenced pursuant to the criminal code and because his counsel failed to object to his sentence on that basis. Although he raised an ineffective assistance of counsel claim in the Arizona Superior Court in his action for post-conviction relief, Petitioner did not argue this factual basis for his Sixth Amendment claim. Additionally, Petitioner did not present this claim to the Arizona Court of Appeals in a procedurally correct manner, but instead abandoned the claim in his action for post-conviction relief by failing to seek review of the trial court's denial of relief. Accordingly, Petitioner did not properly exhaust this claim in the state courts and the claim has been procedurally defaulted.

Petitioner also contends his right to be free of cruel and unusual punishment has been violated by a sentence of 12 years imprisonment for violation of the state traffic code. Petitioner never raised an Eighth Amendment claim in the Arizona state courts. Petitioner did not raise this claim in the state courts in either his direct appeal or in his action for post-conviction relief. Because Petitioner is now precluded by the Arizona Rules of Criminal Procedure from returning to state

-10-

court to assert this claim, Petitioner has procedurally defaulted the claim.

In response to the answer to his habeas petition, Petitioner asserts his sentence was unconstitutional. Petitioner seeks "federal intervention" in the form of his release from prison. Petitioner contends that his rights were violated because he was sentenced pursuant to the criminal code for a traffic violation. Petitioner further asserts that Arizona's procedural rules are not an adequate and independent basis for affirming his convictions and sentences. Petitioner contends he should have been sentenced to two years pursuant to Arizona Revised Statutes Annotated § 28-1383.

Petitioner has not shown cause for, nor prejudice arising from his procedural default of the claims stated in his petitioner for federal habeas relief. Petitioner does not assert that he is factually innocent of the crimes of conviction, but instead asserts his sentences are excessive. Accordingly, Petitioner is not entitled to consideration of the merits of his claim based on a showing of cause and prejudice or that an actual miscarriage of justice will occur. Additionally, the United States Supreme Court and the Ninth Circuit Court of Appeals have held that Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar. See Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002); Ortiz v. Stewart, 149

-11-

F.3d 923, 931-32 (9th Cir. 1998); <u>Carriger v. Lewis</u>, 971 F.2d 329, 333 (9th Cir. 1992).

### III Conclusion

Petitioner did not properly exhaust his federal habeas claims by presenting them to the Arizona state courts. Because Arizona's rules of procedure governing timeliness, waiver, and preclusion bar Petitioner from now seeking to exhaust these claims in the state courts, Petitioner has technically exhausted, but procedurally faulted, his federal habeas claims. Because Petitioner has not shown cause for, nor prejudice arising from his procedural default of the claims, and because Petitioner does not assert he is factually innocent, the Court may not award relief on the merits of Petitioner's claims for federal habeas relief.

**IT IS THEREFORE RECOMMENDED** that Mr. Steed's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file

-12-

specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 21st day of August, 2007.

_____
Mark E. Aspey
United States Magistrate Judge