**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Denwoody Steed,<br><br>        Petitioner,<br>   vs.<br><br>Dora Schriro, et al.,<br><br>        Respondents. | No. CV-06-2835-PCT-PGR (MEA)<br><br>ORDER |

Pending before the Court is Magistrate Judge Aspey's Report and Recommendation, wherein he recommends that this action, filed pursuant to 42 U.S.C. § 2254, be dismissed with prejudice because the petitioner did not properly exhaust any of his claims in the state court, has not shown cause for, nor prejudice arising from, his procedural default, and does not assert that he is factually innocent of the charges for which he was convicted.  Having reviewed the Report and Recommendation *de novo* in light of Petitioner's Responses to Object to the Report and Recommendation of Cause and Prejudice (doc. #19), the Court finds that the Magistrate Judge correctly concluded that the Court may not award federal habeas relief on the merits of any of the petitioner's claims and that the petitioner's arguments to the contrary are meritless as a matter of law.[1]

---

[1] The Court rejects the petitioner's conclusory argument that his lack of

1  Therefore,

2     IT IS ORDERED that the Magistrate Judge's Report and Recommendation
3  (doc. #18) is accepted and adopted by the Court.
4     IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas
5  Corpus by a Person in State Custody, filed pursuant to 28 U.S.C. § 2254, is
6  denied and that this action is dismissed with prejudice. The Clerk of the Court
7  shall enter judgment accordingly.
8     DATED this 11th day of October, 2007.

```
                    [signature]
                    Paul G. Rosenblatt
                    United States District Judge
```

---

access to legal reference materials while incarcerated constitutes cause for his failure to raise any of his federal habeas claims in the state court. *See* Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (Court held that an illiterate prisoner's lack of legal assistance in prison does not constitute cause for a procedural default.)